42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BEL-AIRE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Robert MONDEN, Defendant,
Mary Pio, individually and as Special Administrator of THE
Estate of Olo Pio, deceased, and as Guardian Ad
Litem of Sheena Pualani Pio a minor;
and Fetufaai Lepetia,
Defendant-Appellants.
 No. 93-15916.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 28, 1994.
 
 Before: BROWNING, TROTT, AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mary Pio and Fetufaai Lepetia ("Appellants") appeal the district court's grant of summary judgment in favor of Bel-Aire Insurance Company ("Bel-Aire"). The district court concluded Appellants were not entitled to recovery under either the bodily liability coverage or the uninsured motorist coverage of the insurance policy issued by Bel-Aire. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Id.
 
 
 4
 * Bodily Injury/Liability Coverage
 
 
 5
 Appellants contend they should be entitled to recover under the Bodily Injury/Liability coverage. They argue public policy considerations favor the expansion of insurance coverage to include innocent third-parties who are injured by otherwise uninsured permittees.
 
 
 6
 In this case, the insurance policy issued by Bel-Aire contained the following provision in an Auto Rental Liability--Amendatory Endorsement:
 
 
 7
 As regards rental concerns, the policy is hereby amended as follows.
 
 
 8
 BIC 0804 (7/87)--Automobile Liability Coverage
 
 
 9
 ....
 
 SECTION III--EXCLUSIONS
 
 10
 ....
 
 
 11
 14. Vehicles used or operated in violation of the terms and conditions of the rental agreement under which such an auto is rented.
 
 
 12
 Pursuant to the rental agreement, Lolesia Setefano was the only person authorized to operate the vehicle. It is undisputed that at the time of the accident, Matai was driving the vehicle in violation of the rental agreement. Therefore, pursuant to the express terms of the insurance contract and the rental agreement, all injuries sustained while Matai was driving the vehicle are excluded from coverage.
 
 
 13
 The district court was correct in relying on our decision in Travelers Ins. Co. v. Budget Rent-A-Car, 901 F.2d 765 (9th Cir.1990). In Travelers, we stated "[w]here the language of a contract is clear and addresses the issue before the court, the court may not interpret the contract by supplying an implied term...." Id. at 767. Here, as in Travelers, "an implied term providing liability coverage to anyone other than the renter or an authorized driver would be directly contrary to the express language of the contract." Id. We refused to inject an implied term into an express contract in Travelers, and we do so now.
 
 
 14
 Appellants also contend they are entitled to recover under Hawaii statutory insurance law. Pursuant to statutory law, a policy of liability insurance must extend coverage to any other person who uses the vehicle with the express or implied permission of the named insured. See Haw.Rev.Stat. Secs. 287-25(2), 431:10C-301(a)(2).
 
 
 15
 Appellants claim the district court erred in concluding Matai did not have the express or implied permission of Rainbow Rent-A-Car, the insured, to use the vehicle. They argue the district court should have adopted the "initial permission" rule in determining whether Matai was a permissive user. Under the "initial permission" rule, insurance coverage would be extended "to all subsequent permissive users of a car once the named insured had given permission to the initial user." Travelers, 901 F.2d at 770.
 
 
 16
 In considering what approach to use in determining whether a person has the express or implied permission of the named insured, the Supreme Court of Hawaii expressly rejected the "initial permission" rule Appellants now urge this court to adopt. See Columbia Casualty Co. v. Hoohuli, 437 P.2d 99, 105 (Haw.1968). The supreme court instead adopted a standard by which:
 
 
 17
 "with a showing that the vehicle was placed in the hands of the operator by consent, a presumption arises that the particular use to which the vehicle was being put was within the scope of that consent as measured by the law. The overcoming of this presumption requires evidence establishing that consent had been expressly withdrawn prior to the actual use, or that the actual use was so far afield from the purpose of the loan of the vehicle as to amount to, at best, a temporary tortious conversion...."
 
 
 18
 Id. (quoting American Fidelity Co. v. North British & Mercantile Ins. Co., 204 A.2d 110, 113 (Vt.1964)).
 
 
 19
 Appellants' argument that the "initial permission" rule is the better approach is unpersuasive. As we stated in Travelers, "[i]f the Hawaii legislature wishes to create an exception to basic contract law in cases such as this, it is within their power to do so. They have not done so; we will not do it for them." Travelers, 901 F.2d at 771.
 
 
 20
 The insurance contract expressly and unambiguously states that injuries sustained while the vehicle is being operated in violation of the rental agreement are excluded from coverage. Clearly, consent for anyone other than Setefano to operate the vehicle did not exist prior to the actual use of the vehicle by Matai. The district court applied the correct approach in determining Matai did not have express or implied permission to operate the vehicle. Therefore, Appellants are not entitled to recover under the bodily injury/liability coverage.
 
 II
 Uninsured Motorist Coverage
 
 21
 Appellants argue they are also entitled to recover under the uninsured motorist coverage of the insurance policy. Appellants correctly assert the Auto Rental Liability--Amendatory Endorsement does not exclude them from recovering under the uninsured motorist coverage. The exclusions contained in the Amendatory Endorsement refer solely to Automobile Liability Coverage, BIC 0804. Nowhere does the Endorsement indicate the exclusions also apply to the Uninsured Motorists Insurance, BIC 0602. At the very least, the Endorsement is ambiguous as to whether the exclusions also apply to the uninsured motorist coverage and, therefore, must be construed against the insurer.
 
 
 22
 Nevertheless, Appellants fail to establish they are entitled to recover under the insurance policy. They do not claim they are entitled to recover under the terms of the policy. Rather, Appellants argue they are entitled to recover under statutory insurance law. Appellants contend that under Hawaii Revised Statute Sec. 431-448 (current version at Haw.Rev.Stat. Sec. 431:10C-301), Bel-Aire is obligated to pay uninsured motorist insurance for injuries "which arise out of the ownership, operation, maintenance, or use of the motor vehicle." Appellants rely on National Union Fire Ins. Co. v. Olson, 751 P.2d 666 (Haw.1988), for the proposition that all users of a motor vehicle are entitled to recover uninsured motorist benefits from any insurance policy covering that vehicle. Appellants' interpretation of National Union is in error.
 
 
 23
 National Union does not stand for the proposition that all users of a motor vehicle are entitled to recover. Implicit within the Hawaii Supreme Court's decision was the principle that a user must be a permissive user in order to recover uninsured motorist benefits. The court stated:
 
 
 24
 Once it is determined that the other party is uninsured, the liability provisions of the policy control and are determinative of the extent of the insured's coverage.... [T]he ambulance Olson was driving was covered by the policy, Olson was using the ambulance with permission and was therefore an insured person for purposes of the liability provisions of the policy.
 
 
 25
 Id. at 669 (citations omitted) (emphasis added). The key was that the ambulance driver was using the ambulance with the permission of the named insured.
 
 
 26
 In the instant case, Appellants, as passengers, were clearly users of the vehicle covered by the insurance policy issued by Bel-Aire. This fact without more, however, does not entitle Appellants to receive insurance benefits. The rental agreement between Rainbow Rent-A-Car, the insured, and Lolesia Setefano, the permissive user, expressly prohibited the operation of the vehicle by anyone other than Setefano. At the time of the accident, the car was being driven by Matai. The district court was correct in determining Appellants were not permissive users. Therefore, Appellants are not entitled to recover uninsured motorist benefits as users of the vehicle pursuant to section 431-448.
 
 
 27
 Because we determine Appellants are not entitled to any coverage under the insurance policy, we need not reach the issue of whether exclusions to the uninsured motorist coverage operate to deny Appellants recovery.
 
 III
 Conclusion
 
 28
 Because Appellants have failed to establish they were permissive users entitled to recover insurance benefits under either the terms of the insurance policy or Hawaiian statutory law, the decision of the district court granting summary judgment in favor of Bel-Aire is affirmed.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3